**FILED**

**February 7, 2023**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* C.A.

**No. 22-0409** (Wayne County 21-JA-33)

## MEMORANDUM DECISION

Petitioner Mother H.A.[1] appeals the Circuit Court of Wayne County's April 26, 2022, order terminating her parental rights to C.A.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In April of 2021, petitioner reported to the DHHR that she had given birth to triplets and requested assistance in acquiring cribs and other welfare benefits and social services. After DHHR workers made several attempts to locate petitioner, they met her at home. Notably, there were no infants in petitioner's home, only then-four-year-old C.A. According to the DHHR, petitioner initially explained that the newborns were at their father's home but refused to provide any other information. Later in the visit, petitioner denied that she had any children other than C.A. and that her "doppelganger" stole her identity and falsified the birth of the infants. The workers noted that petitioner's home did not have electricity and that the food in the refrigerator had rotted. The DHHR also alleged that petitioner had a history of child protective services referrals, which included allegations of untreated mental illness and aggressive behavior toward C.A. The DHHR filed a child abuse and neglect petition, alleging the foregoing, and took emergency custody of C.A. In July of 2021, the circuit court held an adjudicatory hearing and determined that petitioner failed to treat her mental health issues and also failed to provide C.A. with stable housing, resulting in neglect of the child. The circuit court adjudicated petitioner as an abusing parent and C.A. as a neglected child.

---

[1]Petitioner appears by counsel Kerry A. Nessel. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Andrew T. Waight. Kimberly E. McGann appears as the child's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

Petitioner participated in a parental fitness evaluation, and thereafter, the evaluator issued provisional diagnoses of cannabis use disorder and unspecified psychotic disorder based on petitioner's history of erratic and delusional behavior. The evaluator recommended that petitioner participate in weekly psychotherapy to address issues of behavioral disturbance; attend a psychiatric consultation for medication management of psychosis; complete parenting and adult life skills classes; attend outpatient substance abuse treatment; and submit to random drug screening. Petitioner was granted an improvement period in August of 2021, and the evaluator's recommendations were incorporated into the terms of her improvement period.

In November of 2021, the circuit court found that petitioner was "minimally compliant" with the terms of her improvement period and ordered that the improvement period continue. Notably, the circuit court ordered the DHHR to choose a psychiatrist to treat petitioner and ordered petitioner to comply with its referral. The court held a subsequent hearing in February of 2022 and found that petitioner had complied with her life skills plan, obtained suitable housing, bonded with the child, and submitted proof of drug screens. However, the court found that petitioner had not provided proof of mental health treatment, did not attend appointments with the DHHR's referred psychiatrist, had not provided her psychological evaluation to her mental health professionals, and did not participate in outpatient substance abuse treatment. The evidence further showed that petitioner had participated in therapy with a therapist of her choice. However, the therapist (1) did not have access to petitioner's parental fitness evaluation until January of 2022, and (2) indicated that petitioner's treatment would have been different if petitioner had timely provided the evaluation. The court concluded that petitioner had "avoided all mental health treatment" and that there was no reasonable likelihood that she would comply with psychiatric treatment in the near future. The circuit court denied petitioner's previously filed motion to extend her improvement period and set the matter for disposition.

The circuit court held two dispositional hearings in March and April of 2022 and heard testimony from petitioner and her case worker during both hearings. Ultimately, the court found that there was no reasonable likelihood that petitioner could correct the conditions of neglect or abuse because she failed to comply with a reasonable family case plan. The court reasoned that petitioner did not seek treatment for her diagnosed unspecified psychotic disorder because she disagreed with the diagnosis and that the evidence did not indicate "that she would change her ways in the future with her needed treatment." Finally, the circuit court found that it was necessary for C.A.'s welfare to terminate petitioner's parental rights. Accordingly, the circuit court terminated petitioner's parental rights to C.A. by its April 26, 2022, order. Petitioner now appeals that order.[3]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re*

---

[3]C.A.'s father was unknown at the time of filing and not identified during the proceedings. The unknown father's rights were terminated below. According to the parties, the permanency plan for the child is adoption in her current placement.

*Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Petitioner argues that the circuit court erred in terminating her parental rights because, in her view, she substantially complied with the terms of her improvement period. However, in petitioner's recitation of the facts, she fails to mention that she was required to participate in a psychiatric consultation for the medical management of her psychosis. As the circuit court observed below, petitioner's "diagnosis [of unspecified psychosis] and treatment for that condition were the crux of her completing [the case plan.]" Rather than attempt to refute the court's findings that she failed to comply, petitioner simply ignores them.

The circuit court's findings that petitioner failed to comply with the terms of her improvement period are fully supported by the record and support its finding that there was no reasonable likelihood that the conditions of neglect and abuse could be substantially corrected in the near future. *See* W. Va. Code § 49-4-604(c)(6) (authorizing the termination of parental rights upon said findings); *see also* W. Va. Code § 49-4-604(d)(3) (providing that there is no reasonable likelihood that the conditions of neglect and abuse can be substantially corrected when the parent has "failed to follow through with a reasonable family case plan"). Accordingly, we find no error in the circuit court's decision to terminate petitioner's parental rights to the child. *See also* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (holding that "[t]ermination of parental rights . . . may be employed . . . when it is found that there is no reasonable likelihood . . . that the conditions of neglect or abuse can be substantially corrected").

For the foregoing reasons, we find no error in the decision of the circuit court, and its April 26, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: February 7, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn